# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY LEE DOTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DOCTOR,<br><br>    Defendant.<br>_____/ | Case No. 1:14-cv-00093-LJO-SKO (PC)<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(Docs. 1, 17, and 18)<br><br>FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.**   **Plaintiff's Motions for the Appointment of Counsel**

Plaintiff Tracy Lee Dotson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 27, 2013. In his complaint, Plaintiff requests the appointment of counsel, and Plaintiff filed motions seeking the appointment of counsel on April 28, 2014, and May 1, 2014.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970;

*Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.

While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exceptional circumstances exist and here, they do not.  In particular, for the reasons which follow, the Court finds that Plaintiff fails to state a claim upon which relief may be granted.  As a result, the Court is precluded from making a finding that Plaintiff is likely to succeed on the merits.

Therefore, Plaintiff's motions for the appointment of counsel are denied.[1]

## II.   Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

---

[1] It appears that Plaintiff may have filed this suit, at least in part, for the purpose of obtaining representation by counsel, but that puts the cart before the horse.  Counsel is appointed in civil cases such as this only rarely, if exceptional circumstances exist.

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### III. Discussion

Plaintiff is currently incarcerated at Mule Creek State Prison in Ione, California. At the time Plaintiff filed this action, he was incarcerated at California State Prison-Corcoran. Plaintiff alleges that his treating physician lied, he was denied his right to program, he is in the hole, and he was denied help from his counselor and the court.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the

violation at issue. *Iqbal*, 556 U.S. at 676-77; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

In this case, Plaintiff's complaint does not set forth any facts linking one or more named defendants to an act or omission which demonstrates a violation of his federal rights. It appears that Plaintiff is attempting to sue a doctor who removed him from the prison's developmental disability program ("DPP"). However, based on Plaintiff's exhibits, the removal at issue occurred at California State Prison-Solano ("CSP-Solano") in 2008, raising a number of issues. (Comp., court record p. 13.)

First, venue for claims arising at CSP-Solano is not proper in this division and the case is subject to transfer to the Sacramento Division of the Eastern District of California. 28 U.S.C. § 1404(a); *see Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); *see also Davis v. Mason County*, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance).

Second, a claim arising in 2008 may be barred by the statute of limitations. Cal. Civ. Proc. Code §§ 335.1, 352.1; *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004).

Third, Plaintiff's mere disagreement with his removal from the DPP program by a physician does not support a claim under section 1983 for violation of the Eighth Amendment.[2] *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012).

---

[2] Additionally, Plaintiff lacks a protected interest in particular prison programs, *Sandin v. Connor*, 515 U.S. 472, 481-84 (1995); *Rizzo v. Dawson*, 778 F.2d 527, 530-31 (9th Cir. 1985), and his allegations do not support the existence of a viable American with Disabilities Act claim, *Simmons v. Navajo County*, 609 F.3d 1011, 1021-22 (9th Cir. 2010).

Finally, Plaintiff's exhibits suggest that his claim may be barred by the doctrine of res judicata because the same claim was litigated in San Diego Superior Court.[3] (Comp., court record pp. 20-21.)

The Court will provide Plaintiff with the opportunity to file an amended complaint clarifying the bases for his claim(s) in this federal civil action.

## IV.     Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. In an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights, *Jones*, 297 F.3d at 934. Plaintiff must demonstrate a causal connection between each defendant's conduct and the violation of his rights; liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*. *Iqbal*, 556 U.S. at 676-77; *Crowley*, 734 F.3d at 977; *Starr*, 652 F.3d at 1205-07. Further, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's motions for the appointment of counsel are denied;

2.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

3.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

4.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

---

[3] The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits, *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005), and Plaintiff's pursuit of redress in state court may bar this suit, *Gonzales v. California Department of Corrections and Rehabilitation*, 739 F.3d 1226, 1232-33 (9th Cir. 2014)

5.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **May 27, 2014**                                     **/s/ Sheila K. Oberto**
                                                                             UNITED STATES MAGISTRATE JUDGE