# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY LEE DOTSON,<br><br>                 Plaintiff,<br><br>         v.<br><br>DOCTOR,<br><br>                 Defendant.<br>_____/ | Case No. 1:14-cv-00093-LJO-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 20)<br><br>THIRTY-DAY OBJECTION DEADLINE |

## I.   Background

Plaintiff Tracy Lee Dotson, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 27, 2013. On May 28, 2014, the Court denied Plaintiff's motion for the appointment of counsel and dismissed his complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on June 4, 2014. For the reasons which follow, the Court recommends dismissal of this action for failure to state a claim upon which relief may be granted under section 1983.

## II.   Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that

seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**III.    Discussion**

    **A.    Summary of Allegations**

Plaintiff is currently incarcerated at Mule Creek State Prison in Ione, California, and at the time he filed suit, he was incarcerated at California State Prison-Corcoran. In his original complaint, Plaintiff alleged his treating physician lied, he was denied his right to program, he was in the hole, and he was denied help from his counselor and the court. In his amended complaint, Plaintiff's allegations are substantially similar: he alleges he is in the hole where he gets no

programs and he is a "DDP-2" inmate who needs help. (Doc. 20, Amend. Comp.) Plaintiff alleges he was removed from the program without seeing a doctor, so he does not know who removed him; he does not read or write well and is assisted by another inmate; his family is getting him an attorney because the Court keeps denying his motion for counsel; and law library staff will not help him so he cannot state his claim. Plaintiff seeks placement back in the program, the appointment of counsel, and an investigation into why he was removed from the program without seeing a doctor.

### B. Absence of Facts Supporting Claim Under Section 1983

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. *Iqbal*, 556 U.S. at 676-77; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Plaintiff's amended complaint sets forth fewer facts than did his original complaint, and in screening the amended complaint, the Court relies by necessity on the original complaint and attached exhibits for context. In the first screening, the Court discerned that Plaintiff was suing the doctor who removed him from the prison's developmental disability program ("DPP"), but that the removal in question occurred at California State Prison-Solano ("CSP-Solano") in 2008, raising a number of issues. (Comp., court record p. 13.)

As the Court informed Plaintiff in its first screening order, venue for claims arising at CSP-Solano is not proper in this division, 28 U.S.C. § 1404(a); *see Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); *see also Davis v. Mason County*, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance), and a claim arising from events which occurred in 2008 may well be barred by the statute of

3

limitations, Cal. Civ. Proc. Code §§ 335.1, 352.1; *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). In addition, Plaintiff's disagreement with his removal from the DPP by a physician does not support a claim under section 1983 for violation of the Eighth Amendment,[1] *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012), and Plaintiff's exhibits suggest that his claim may be barred by the doctrine of *res judicata* because the claim was litigated in San Diego Superior Court.[2] (Comp., court record pp. 15-21.)

Plaintiff was provided with the opportunity to file an amended complaint clarifying the basis for his claim in this federal civil action, but he failed to do so. Rather than focusing on setting forth the facts underlying his legal claim, Plaintiff's amended complaint focuses mainly on his need for and entitlement to an attorney, and his inability to state a claim without assistance. However, Plaintiff's ability to communicate with the Court is more than adequate, as the Court is able to read and understand his amended complaint.[3] Instead, the deficiency lies Plaintiff's unwillingness to describe the basis for his legal claim.

As the Court previously informed Plaintiff, his demand for an attorney puts the cart before the horse, as he is entitled to the appointment of voluntary counsel only if exceptional circumstances exist -- a determination which requires the Court to evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Plaintiff's disagreement with his removal from the disability program is insufficient to support a claim for relief, notwithstanding

---

[1] Additionally, Plaintiff lacks a protected interest in particular prison programs, *Sandin v. Connor*, 515 U.S. 472, 481-84 (1995); *Rizzo v. Dawson*, 778 F.2d 527, 530-31 (9th Cir. 1985), and his allegations do not support the existence of a viable American with Disabilities Act claim, *Simmons v. Navajo County*, 609 F.3d 1011, 1021-22 (9th Cir. 2010).

[2] The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits, *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005), and Plaintiff's pursuit of redress in state court may bar this suit, *Gonzales v. California Department of Corrections and Rehabilitation*, 739 F.3d 1226, 1232-33 (9th Cir. 2014).

[3] The Court takes judicial notice of case number 2:14-cv-01508-KJM-EFB, a habeas action filed by Plaintiff on June 23, 2014, in which Plaintiff was also able to articulate his claim in an understandable manner.

the venue, statute of limitations, and res judicata concerns identified herein.[4]  Thus, Plaintiff is not likely to succeed on the merits, in addition to his adequate ability to articulate his claim.

### IV.     Conclusion and Recommendation

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983.  The Court previously provided Plaintiff with an opportunity to amend but he was unable to cure the deficiencies identified and further leave to amend is not warranted.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for the appointment of counsel be denied; and
2. This action be dismissed, for failure to state a claim under section 1983, without prejudice but without further leave to amend in this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 31, 2014**            /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

---

[4] As relief, Plaintiff seeks reinstatement in the disability program.  Because Plaintiff was removed from the program while at CSP-Solano and he is presently at Mule Creek State Prison, venue for his claim is not proper in the Fresno Division of the Eastern District of California, but given Plaintiff's failure to identify any facts supporting a viable claim for relief, transfer to the Sacramento Division is not justified.  The Court will recommend dismissal be without prejudice, however, so that Plaintiff is not precluded from bringing his claim where venue is proper, either through an attorney or through his own submission of adequate facts to allow a court to determine whether there exists a viable claim for relief under federal law.